THE RELIANCE MARINE INSURANCE COMPANY (LIMITED), Respondent, *v.* HENRY L. HERBERT and Another, Appellants.

*Opinion or charge of the trial judge — when admissible in evidence.*

When a question arises as to what issues were submitted to and determined by a jury, and the charge of the court discloses the questions of fact submitted, the charge is competent evidence upon that question.

For the purpose of determining the issues passed upon by the court on a trial, without a jury, its opinion upon disposing of the issues is sometimes competent; but the opinion of the court, delivered in an action upon a question of fact, is not competent evidence upon a trial of the same question of fact arising in a subsequent action between different parties.

APPEAL by the defendants, Henry L. Herbert and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of November, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit.

*Anson B. Stewart,* for the appellants.

*William W. MacFarland,* for the respondent.

FOLLETT, J. :

The plaintiff is an insurance corporation organized under the laws of the United Kingdom of Great Britain and Ireland, and the defendants are partners under the firm name of H. L. Herbert & Co., and engaged in the business of buying, shipping and selling coal. The Lehigh and Wilkesbarre Coal Company is a Pennsylvania corporation engaged in mining, shipping and selling coal. March 5, 1891, the plaintiff by an open policy insured the Lehigh and Wilkesbarre Coal Company " on coal to be laden on vessels, boats or barges sailing on and after March 5th, 1891, against perils of the seas and all other perils, losses and misfortunes that might come to the hurt, detriment or damage of the said coal." November 5, 1891, the Lehigh and Wilkesbarre Coal Company shipped at Port Johnston, in the State of New Jersey, on board the barge *Macy* 461 tons of anthracite coal to be carried to the foot of Fifty-third street on East river in the city of New York, there to be delivered to the defendants. November 6, 1891, the plaintiff entered in a pass book, accompanying said policy and forming a part of it, an

insurance on said cargo of coal of $1,900. On the same day the *Macy* was taken by a tug to be towed across the bay of New York to her destination, and on the voyage the *Macy* was capsized and all of the coal on board, except thirty-four and eighteen-twentieths tons, was lost.

On March 2, 1892, the Lehigh and Wilkesbarre Coal Company made proof that the value of the coal lost was $1,756.14, and on the same day the plaintiff paid to said coal company said sum and received an assignment of all of its interest in said coal and of all causes of action arising out of its loss. Afterwards the coal company paid the sum so received to the defendants herein. In April, 1892, the plaintiff in this action filed a libel against the *Macy* in the District Court of the United States for the southern district of New York to recover its damages, alleging that the loss was not caused by any of the dangers insured against, but by the carelessness and neglect of the persons in charge of the boat. Charles Tice appeared in that action, alleged that he was the owner of the *Macy*, and, among other defenses, alleged that the *Macy* was, when loaded and wrecked, under the direction, control and in the possession of said H. L. Herbert & Co., the owners of said cargo. On the trial of the action the libel was dismissed on the ground that H. L. Herbert & Co. were, at the time of the loss, in possession and control of the *Macy*, were in the situation of owners *pro hac vice;* that the captain of the barge was their agent, and that H. L. Herbert & Co. could not sue the barge or the owner thereof for the neglect of the captain in overloading; that they had no maritime lien on the barge for the loss of its cargo, and the plaintiff had acquired no cause of action by subrogation. On the 4th of January, 1893, this action was begun to recover from the defendants the amount paid by the plaintiff to the Lehigh and Wilkesbarre Coal Company, and by it paid to the defendants on account of the loss. As grounds of recovery it is alleged in the complaint : (1) That the coal was not lost by sea perils, but because the *Macy* had been improperly loaded by the defendants, and that the loss occurred by their neglect, and by the neglect of their agents and employees in the management and navigation of the barge. (2) That, by a contract between the owner of the barge and the defendants, they had assumed the management and control thereof, and were carrying

their own coal on their own account, and that by said contract the cause of action that would have existed in favor of the owners of the coal, against the owners of the barge, for the loss of the coal, was cut off, and that the plaintiff's right to be subrogated to H. L. Herbert & Co.'s right of action against the barge was lost. (3) That the plaintiff paid the insurance without knowing that defendants were in control of the barge, and in the belief that a cause of action existed in their favor against it, and that the plaintiff would be subrogated to a right of action against the barge.

On the trial of this action two questions of fact were submitted to the jury: (1) Was the coal lost by the negligence of the defendants, or their servants or agents? (2) Did the plaintiff pay the loss in ignorance of the facts? Both of these questions were found in favor of the plaintiff. On the trial the judgment roll in the libel action was read in evidence. Annexed to the roll was the opinion of the district judge, which was also admitted in evidence, over the objection and exception of the defendants. In that opinion the learned judge stated that the accident was caused by overloading the boat. The opinion of the district judge upon the issue of fact in that case was not competent evidence in this case upon the issue whether the accident was caused by the neglect of the defendants in overloading the barge. When a question arises as to what issues were submitted to and determined by a jury, and the charge of the court discloses the question of fact submitted, the charge is competent on that question, and so for the purpose of determining the issues passed on by the court on a trial without a jury its opinion upon disposing of the issues is sometimes competent. But the opinion of the court, delivered in an action upon a question of fact, is not competent evidence upon a trial of the same question of fact arising in a subsequent action between different parties. The opinion of the District Court upon this vital question of fact was well calculated to influence the jury in its determination of the same question on this trial. For this error the judgment must be reversed and a new trial granted, with costs to the appellants to abide the event.

Van Brunt, P. J., and Parker, J., concurred.

Judgment reversed, new trial granted, costs to appellants to abide event.