ECKERSON et al. v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

EVIDENCE—OPINION OF COURT ON FORMER TRIAL.

The opinion of a judge on the issues of fact in a trial before him which did not result in a judgment is not admissible in evidence on a second trial before another judge.

Appeal from trial term, Rockland county.

Action by J. Esler Eckerson, individually and as executor of James Eckerson, deceased, and others, against Charles D. Archer and George Archer, to recover possession of real estate. From a part of the judgment rendered at the trial before the court without a jury, plaintiffs appeal. Reversed.

Argued before BROWN, P. J., and BARTLETT, HATCH, and BRADLEY, JJ.

Ralph E. Prime, for appellants.

Irving Brown, for respondents.

WILLARD BARTLETT, J. This case has been twice tried. The first trial was before Mr. Justice Cullen without a jury. At the conclusion of the evidence, Judge Cullen rendered an oral decision, which was taken down by the stenographer in attendance, but which never became effective, inasmuch as Mr. James Eckerson, one of the original plaintiffs, died before any written decision was prepared and signed. A jury was also waived on the second trial, which now comes up for review. The plaintiffs have recovered a portion, but not all, of the property for which they sued. They have appealed from that part of the judgment which is not in their favor. In disposing of the appeal, it is necessary to consider only a single ruling of the learned trial judge, for that appears so clearly to be erroneous as to demand a reversal. He received in evidence, against the objection and exception of the plaintiffs, the decision of the case announced by Mr. Justice Cullen at the close of the testimony upon the first trial, saying that he wished to know what the decision of Judge Cullen had been, and all that had transpired on the previous hearing. This proof was not admissible. The opinion of one judge upon the issues of fact at the end of a trial which does not result in any judgment is not competent evidence to guide or influence the determination of those issues of fact by another judge upon a second trial. See Insurance Co. v. Herbert, 87 Hun, 285, 33 N. Y. Supp. 819. The admission of such an opinion is especially objectionable in a case like the present, where witnesses were examined who were not called at all upon the first trial. The error might be overlooked as harmless to the appellants were it not that the judgment before us embodies precisely the conclusion reached by Mr. Justice Cullen, and that the trial judge indicated unmistakably that he was influenced by Judge Cullen's view of the facts, where he said, at the close of the testimony: "I think I shall follow the decision of Judge Cullen. * * * I think I will follow Judge Cullen's decision, and that will be doing substantial justice." While the result reached by the learned judge may have been quite correct, the plaintiffs were entitled to his individual judgment on the questions of fact without regard to any other judicial opinion on the facts; and this they did not have. The case must therefore go back for a new trial.

Judgment reversed, so far as appealed from, and new trial ordered, with costs to abide event. All concur.